**EXHIBIT 1**
**(Complaint)**

4840-0295-4105.1

Case 1:18-cv-00496-CWD   Document 1-2   Filed 11/06/18   Page 2 of 8

Electronically Filed
10/8/2018 11:36 AM
Fifth Judicial District, Twin Falls County
Kristina Glascock, Clerk of the Court
By: Lori McBride, Deputy Clerk

Jeffrey J. Hepworth, ISB No. 3455
J. Grady Hepworth, ISB No. 10364
HEPWORTH LAW OFFICES
2229 W. State Street
P.O. Box 2815
Boise, ID 83702-2815
Telephone: (208) 333-0702
Facsimile: (208) 246-8655
courtservice@idalawyer.com

Attorney for Plaintiff Linda Essmaker

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE OF

IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | |
|---|---|
| LINDA ESSMAKER, an individual<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., an Ohio corporation registered and doing business in the State of Idaho, JOHN DOE ENTITIES I–V,<br><br>Defendants. | Case No. CV42-18-4060<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Ryan, Thomas J. |

COMES NOW, the Plaintiff, Linda Essmaker, by and through her counsel of record, Hepworth Law Offices, for causes of action against the Defendants arising from the wrongful termination of Mrs. Essmaker from Smith's Food and Drug on June 2, 2017. Mrs. Essmaker hereby states and alleges as follows:

**I. PARTIES, JURISDICTION, AND VENUE**

1. The Plaintiff, Linda Essmaker, ("Mrs. Essmaker") is a seventy-year-old white/Caucasian woman born on September 6, 1948. Mrs. Essmaker is a United States citizen who currently

COMPLAINT AND DEMAND FOR JURY TRIAL
-1

resides at 443 Locust St. Twin Falls, Idaho 83301. Mrs. Essmaker has suffered damages in excess of $10,000.00, which exceeds the jurisdictional amount of this court.

2. Defendant, Smith's Food and Drug Centers, Inc. ("Smith's Foods") is an Ohio corporation registered and doing business in the State of Idaho with a principal place of business at 1913 Addison Ave E, Twin Falls, ID 83301.

3. Defendants John Doe Entities I–V are unknown entities who may own or are otherwise liable for the conduct of Smith's Food and Drug Centers, Inc.

4. This Court has jurisdiction pursuant to I.C. § 67–5908 *et seq.*, I.C. § 1-705, and Art. V. § 20 of the Idaho Constitution. Venue is proper in Twin Falls County pursuant to § 67–5908 *et seq* and I.C. § 5-404.

## II. GENERAL ALLEGATIONS

5. Mrs. Essmaker is an industrious soul, who first began working at Smith's Foods in July 1991. Over the course of her nearly twenty-six year career, she primarily worked as a clerk in the deli department. Mrs. Essmaker was an hourly employee, making approximately $12.50/hour at the time she was fired. Mrs. Essmaker also earned benefits through the course of her employment, including health insurance, 401(k) retirement benefits, sick leave, and paid vacation.

6. Smith's pattern of discrimination began around the time Mrs. Essmaker turned sixty-five years old. Mrs. Essmaker's manager in the deli, Connie Veeder, repeatedly and continuously harassed Mrs. Essmaker in an attempt to get her to retire over the course of several years. Ms. Veeder would frequently make pointed comments to Mrs. Essmaker, like "When are you going to retire" and suggested that Mrs. Essmaker would be better filing for Social Security Disability benefits rather than working. Ms. Veeder's apparent age-related animus towards

   Mrs. Essmaker was noted by other employees at Smith's.  In fact, Ms. Veeder is believed to have been disciplined by corporate management for making these comments, as well as for once yelling at Mrs. Essmaker in front of customers.

7. The workplace pressure for Mrs. Essmaker to retire increased after she was injured in the course of her employment on September 11, 2016.  Mrs. Essmaker was working when she felt pain in her arm.  She worked the full day, but noticed bruising when she changed clothes that evening.  The next day she informed her manager of the injury and filled out the requisite injury forms, and continued to work.  Mrs. Essmaker later went to St. Luke's Magic Valley Regional Medical Center, after her full work day, to have her arm examined.  Mrs. Essmaker was diagnosed with a torn bicep tendon and a torn rotator cuff.  Mrs. Essmaker's injuries were treated according to Smith's worker's compensation plan.

8. Mrs. Essmaker had to keep her injured arm immobile, but she never missed a day of work.  Mrs. Essmaker worked in light duty for approximately five months, working largely as a "greeter."  Mrs. Essmaker went back to working her regular position in the deli in March 2017, after her doctor released her to work full duty.

9. Despite having medical clearance to work full duty, Smith's would only schedule her for twenty-five hours a week or less—significantly down from the thirty to thirty-five hours a week she was working following the injury as a greeter.  Under Smith's policy, Mrs. Essmaker should have been entitled to preferred hours as a result of being among the longest-tenured employees in the deli.  Smith's continued to restrict Mrs. Essmaker's hours without good cause up until she was wrongfully terminated.

10. Smith's also began treating Mrs. Essmaker differently.  Her managers had historically appreciated her hard work.  However, Ms. Veeder began to crack down on her after her

COMPLAINT AND DEMAND FOR JURY TRIAL
-3

injury, and even filed a disciplinary action against her for staying after her shift in order to complete her mandated work duties.

11. In May 2017, Mrs. Essmaker was called into the office of Darren Goldsberry, the store Human Resources manager. Mr. Goldsberry sat Mrs. Essmaker down in what appeared to be an attempt to get her to retire. Mr. Goldsberry required Mrs. Essmaker to fill out a questionnaire form that inquired into which duties Mrs. Essmaker could physically complete. Mrs. Essmaker stated that she could complete all of the duties, except for those that required her to lift fifty pounds or more.

12. On June 2, 2017, Mrs. Essmaker arrived at work as she normally would, when Ms. Veeder informed her that Mr. Goldsberry requested to see her in his office. When she arrived in his office, Mr. Goldsberry informed Mrs. Essmaker that Smith's Foods was firing her. When Mrs. Essmaker asked what exactly she was unable to perform, Mr. Goldsberry stated that Mrs. Essmaker was "unable to lift fifty pounds from the floor to her waist." It is alleged that lifting fifty pounds from the floor to the waist is not a bona fide occupational qualification. Alternatively, Smith's could have easily accommodated Mrs. Essmaker, as required by law.

13. It is alleged that Smith's termination, failure to accommodate, and/or retaliation against Mrs. Essmaker was directly and proximately caused by Smith's biased perception of her age, physical disability, and/or her claim of an employee benefit. Smith's termination was therefore a violation of her state and federal statutory rights.

14. Mrs. Essmaker suffered and will continue to suffer damages due to decreased assets, loss of opportunity, lost income, increased expenses, and lost benefits as a direct and proximate result of her wrongful termination.

15. Mrs. Essmaker filed a complaint with the Idaho Human Rights Commission ("IHRC") and

COMPLAINT AND DEMAND FOR JURY TRIAL
-4

the Equal Employment Opportunity Commission ("EEOC") on or about October 2, 2017. Both administrative entities processed Mrs. Essmaker's claims. The EEOC and the IHRC both issued Notices of Right to Sue on September 17, 2018.

### III. CAUSES OF ACTION

### COUNT ONE:

### VIOLATION OF I.C. § 67-5909 *et seq.* ("IHRA")

16. Mrs. Essmaker realleges and incorporates by reference all paragraphs set forth above.

17. Mrs. Essmaker was the subject of discrimination on the basis of her age, which is demonstrated by the age-related comments by her supervisors and the repeated efforts to try and force her into retirement.

18. Mrs. Essmaker was the subject of discrimination based on her actual or perceived disability after she suffered a torn rotator-cuff while working on the job. Smith's failed to extend Mrs. Essmaker reasonable accomodations that would have allowed her to adequately meet the performance of the work required in her job in the deli.

19. Mrs. Essmaker was wrongfully terminated on or about June 2, 2017 due to discrimination regarding Mrs. Essmaker's age and/or disability.

20. Smith's Food's conduct is a violation of the Idaho Human Rights Act, I.C. § 67-5909 *et seq.* Mrs. Essmaker is entitled to relief accordingly.

### COUNT TWO:

### VIOLATION OF THE EQUAL OPPORTUNITY FOR INDIVIDUALS WITH DISABILITIES ACT, 42 U.S.C. § 12101 *et seq.* ("ADA")

21. Mrs. Essmaker realleges and incorporates by reference all paragraphs set forth above.

22. Mrs. Essmaker was the subject of discrimination based on her actual or perceived disability

after she suffered a torn rotator-cuff.

23. Smith's refused to make reasonable accomodations that would have allowed Mrs. Essmaker to adequately meet the performance of the work required in her job in the deli.

24. Smith's Food wrongfully terminated Mrs. Essmaker on the basis of her disability in violation of the ADA.

## COUNT THREE:

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 623 *et seq.* ("ADEA")

25. Mrs. Essmaker realleges and incorporates by reference all paragraphs set forth above.

26. Mrs. Essmaker is currently seventy years old, and therefore is an individual over the age of forty years of age protected under the ADEA.

27. Mrs. Essmaker was the subject of countless age-related and discriminatory remarks from her supervisors while employed at Smith's Foods.

28. Mrs. Essmaker was wrongfully terminated as a result of age discrimination and prejudice.

## IV. ATTORNEY'S FEES

As a result of the wrongful conduct of Smith's Foods as alleged above, Mrs. Essmaker has been forced to hire the law firm of Hepworth Law Offices to prosecute this action. Pursuant to I.C. 12–120(3), I.C. 12-121, 42 U.S.C. § 12205, and 29 U.S.C. § 626(b), Mrs. Essmaker is entitled to a reasonable award of costs and attorney's fees. A reasonable attorney's fee rate is $400.00 per hour for Jeffrey J. Hepworth and $175.00 per hour for J. Grady Hepworth.

## V. DEMAND FOR TRIAL BY JURY

Mrs. Essmaker demands a trial by twelve-person jury pursuant to I.R.C.P. Rule 38.

COMPLAINT AND DEMAND FOR JURY TRIAL
-6

**PRAYER FOR RELIEF**

WHEREFORE, Linda Essmaker respectfully prays for judgment against the Smith's as follows:

a) For money judgment against Smith's Foods as compensation for all past and future lost income and other special and general damages, including lost wages (past and future), lost retirement benefits, lost medical benefits, and other damages sustained by Mrs. Essmaker which will be proven at trial;

b) For reinstatement to a position the same or equivalent to her previous position in the Smith's Food's deli, inclusive of planned or anticipated promotions and pay raises;

c) In the event it is determined Smith's Foods violations were willful, punitive damages in an amount to be determined at trial and as allowed by law;

d) For all reasonable court costs and attorney fees incurred by Mrs. Essmaker in prosecution of the present action pursuant to Federal law and the laws of the State of Idaho;

e) For such other and further relief as the Court deems just and equitable.

Dated this 3rd day of October, 2018.

HEPWORTH LAW OFFICES

/s/ *J. Grady Hepworth*
Jeffrey J. Hepworth, ISB No. 3455
J. Grady Hepworth, ISB No. 10364
Attorney for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL
-7