UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LINDA ESSMAKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., JOHN DOE ENTITIES I–V,<br><br>Defendants. | Case No. 1:18-cv-496-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it a motion to compel and for sanctions. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion to compel and award $1,750 in sanctions against defense counsel.

# LITIGATION BACKGROUND

Plaintiff Essmaker has sued Smith's Food & Drug Centers for wrongful termination. Essmaker alleges that she was verbally harassed, that her requests for accommodation after she was injured were ignored, and that she was wrongfully fired. The motion now before the Court arose from a dispute during a deposition when defense counsel instructed a witness not to answer eight questions. Essmaker has filed a motion to compel answers to those eight questions and to sanction defense counsel for his conduct during that deposition.

By way of background, Essmaker served defendant Smith's with a notice of Rule 30(b)(6) deposition setting forth four discrete topics on which it requested Smith's designate a witness, including the following: (1) "The reasons Linda Essmaker was terminated from Smith's Food and Drug Centers;" (2) "The efforts (if any) undertaken by Smith's to accommodate Linda Essmaker in her role as a deli service clerk;" (3) "The efforts (if any) undertaken by Smith's to transition Linda Essmaker to a different position in the Twin Falls store;" and (4) "The individual most knowledgeable regarding the "essential functions" of a deli service clerk (as that term is defined by 29 C.F.R. § 1630.2)." Smith's designated David Valentine on the first topic, Darin Goldsberry on the second and third topics, and Jamie Ellison on the fourth topic.

Essmaker took the depositions of several Smith's employees, including Goldsberry, and then on May 21, 2019, took Ellison's deposition. Ellison had been Smith's Food Safety Administrative Support Person (ASP). *See Ellison Deposition (Dkt. No. 28-9)* at p. 18. In that position she identified and described – or "validated" – the physical demands of the service deli clerk position, among other positions. *Id.* at p. 24. Under Rule 30(b)(6), Smith's designed Ellison as the most knowledgeable employee regarding the essential functions of a deli service clerk.

During the deposition, Ellison answered general questions about the essential tasks that a service deli clerk must perform. Then Essmaker's counsel asked if Ellison knew why Essmaker was terminated. Smith's counsel objected that "your question relates to a topic for which she has not been designated" and he instructed Ellison "not to answer the question." *Id.* at p. 68. Essmaker's counsel responded that he was not asking the

**Memorandum Decision & Order – page 2**

question of Ellison "as a representative" of Smith's but instead was asking it of her in her individual capacity. *Id.* Smith's counsel replied that Ellison was being deposed as a representative of Smith's concerning the demands of the deli clerk position – not as an individual fact witness concerning the reasons for Essmaker's termination – and that plaintiff would have to notice up a separate deposition of her at another time if he wanted to question her about her personal knowledge. *Id.* at p. 70.

Essmaker's counsel then asked seven questions about a string of emails designed as Exhibit 11. In those emails, an Assistant Store Manager – Darin Goldsberry – tells Ellison that Essmaker is "not being able to get the job done," feels he is "getting the run around from [Essmaker]" and asks Ellison for help "in getting this resolved." *See Exhibit 11 (Dkt. No. 28-10).* Ellison forwards Goldsberry's email to a Stephanie Lawrence, asking Lawrence to help Goldsberry with his request. Ellison notes in her email that Essmaker has been released by her physician "to full duty" and "should be able to complete [her tasks at work]." *Id.* Ellison asks "[i]s this now a personnel issue or is there a work related reason she is unable to complete her tasks?" *Id.*

Referring to this email, plaintiff's counsel asks Ellison what she means by these statements. Smith's counsel instructs her not to answer, again objecting on the ground that the questions are beyond the scope of the Rule 30(b)(6) designation and demanding that Essmaker's counsel re-notice the deposition for another time to question Ellison in her individual capacity. The deposition then continued with Ellison answering other questions within the Rule 30(b)(6) designation.

**Memorandum Decision & Order – page 3**

Essmaker argues that Smith's counsel's instructions to Ellison not to answer were improper and she asks the Court to compel answers to her questions and order Smith's to pay the court reporter costs and attorney fees for ten hours of time at $175 an hour for a total of $1,750.00.

**ANALYSIS**

Rule 30(c)(2) states that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3) [to terminate the deposition on the ground that it is being conducted "in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party"]." Smith's counsel concedes that the instruction to Ellison not to answer the questions was "not strictly allowed under the rules" but argues that Essmaker should have given advance notice in the Rule 30(b)(6) notice that he intended to question Ellison in her individual capacity. *See Defense Brief (Dkt. No. 29)*. Counsel argues that his conduct does not warrant fees and he notes that he has offered to make Ellison available for a telephonic deposition and pay for the court reporter.

This Court has held that the examining party may ask questions outside the scope of the Rule 30(b)(6) notice. *Sherwood v. BNSF Railway Co.,* 2018 WL 8619793 (June 12, 2018) at *3. "Limiting the scope of a 30(b)(6) deposition to what is noticed in the deposition subpoena frustrates the objectives of Rule 26(b)(1) whenever a deposing party seeks information relevant to the subject matter of the pending litigation that was not specified." *Id. (quoting Detoy v. City and County of San Francisco,* 196 F.R.D. 362, 367

(N.D.Cal. July 19, 2000)). There is no question that Essmaker's questions of Ellison in her individual capacity were seeking relevant information.

Thus, Essmaker's questioning of Ellison that exceeded the scope of the Rule 30(b)(6) notice was not improper and did not trigger any right in the defendant to instruct the witness not to answer. Counsel's demand that Essmaker re-notice Ellison's deposition for another time to question her in her individual capacity would be "artificial and wasteful of both the parties' resources and the witness's time." *Detoy,* at 367. "[I]f the witness is capable of testifying on behalf of the designated entity, the witness is also capable of testifying as an individual, *at the same deposition*." *Id.* at 367 (emphasis added). While Smith's is rightly concerned that Ellison's answers in her individual capacity be clearly separated from her answers in her representative capacity, *Detoy* observes that is easy to do:

> Counsel may note on the record that answers to questions beyond the scope of the Rule 30(b)(6) designation are not intended as the answers of the designating party and do not bind the designating party. Prior to trial, counsel may request from the trial judge jury instructions that such answers were merely the answers or opinions of individual fact witnesses, not admissions of the party.

*Id.* This legal authority merely confirms what common sense dictates, and counsel typically work these issues out without any problems. But here, by the time Ellison was being questioned, the relationship between counsel was already strained to the breaking point. In the several depositions preceding Ellison's, defense counsel had registered hundreds of objections, the vast majority of which were unnecessary. While the transcripts do not show defense counsel taking a combative tone of voice in any single

**Memorandum Decision & Order – page 5**

objection, the sheer number of objections can only be described as combative – whether by effect or design, they made the depositions a weary slog for opposing counsel.

For all these reasons, the Court will grant the motion to compel Ellison to answer the eight questions that defense counsel instructed her not to answer. Rule 37(a)(5) states that upon granting a motion to compel, the Court "must" award reasonable expenses incurred in making the motion, including attorney fees, unless counsel's actions were "substantially justified" or other circumstances make an award unjust. *See* Rule 37(a)(5)(A)(i), (ii) & (iii).

The Court cannot make those findings. Defense counsel knew that an instruction not to answer is a serious matter confined to only a few exceptions, none of which apply here. He knew that his instruction not to answer would cause a waste of time and effort and require another deposition if the instruction was found improper. His constant objections violated standards of civility and common sense, ensuring that no reasonable agreement could be reached. He cannot carry his burden of showing that his conduct was substantially justified or that other circumstances make an award unjust.

Essmaker's counsel has submitted an affidavit showing that this matter required ten hours of work at $175 an hour, both figures being reasonable. The Court will therefore award $1,750 in sanctions under Rule 37(a)(5) against defense counsel. As defense counsel has already agreed to pay for the court reporter in this second deposition, the Court will not award that cost.

# ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel and for sanctions (docket no. 28) is GRANTED, and that defendant's counsel shall pay to plaintiff the sum of $1,750 pursuant to Rule 37(a)(5).

DATED: November 1, 2019

_____
B. Lynn Winmill
U.S. District Court Judge