UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LINDA ESSMAKER, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., JOHN DOE ENTITIES I–V,<br><br>        Defendants. | Case No. 1:18-cv-496-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a stipulation to settle the case and a motion to vacate a decision imposing sanctions on defense counsel for his misconduct during a deposition. For the reasons expressed below, the Court will deny the motion to vacate and give counsel 20 days to determine whether they want to proceed with the settlement or in some other way.

## ANALYSIS

Plaintiff Essmaker filed this case against Smith's Food & Drug Center alleging that she was harassed and then wrongfully terminated. Following a series of depositions, Essmaker brought a motion to compel and for sanctions alleging that defense counsel's conduct in the depositions was improper. The Court agreed. *See Memorandum Decision (Dkt. No. 52).* During those depositions, defense counsel objected to questions frequently without basis and then instructed a witness not to answer when he knew (or should have

known) that such an instruction was improper. The Court concluded that defense counsel "made the depositions a weary slog for opposing counsel." The Court awarded $1,750 in sanctions against defense counsel; the sanctions were not awarded against the defendant.

The parties have now settled the case. To finalize the settlement, they have filed a stipulation of settlement and motion to vacate the sanctions decision. In *Bernal v Southern Pacific,* 2005 WL 375733 (9th Cir. 2005), the Circuit affirmed a district judge who refused to vacate a sanction order on an attorney after the parties settled the case. The Circuit pointed out that the sanctions had been imposed on the attorney for the attorney's misconduct, not on the attorney's client. Because the attorney was not a party in the case, the settlement had no impact on the imposition of sanctions. The Court inferred that the result might be different if the sanctions had been imposed on a party who subsequently settled the case with the opposing party.

Obviously, *Bernal* has no precedential value because it is an unpublished decision issued prior to 2007. The Court will not rely upon it. But if a sanctioned attorney can get the sanction vacated simply by settling the case, he or she may be motivated to settle the case for pennies on the dollar just to get rid of the sanction. *See* <u>The Settled Sanction</u>*, 61 University of Chicago Law Review 1627 (Fall 1994).* In other words, there is an inherent conflict of interest creating at the very least an appearance of impropriety. Moreover, the sanction recognizes not only the harm to the opponent but also the harm to the justice system – that latter harm does not disappear just because the case was settled. *Id.*

The sanctioned attorney is not without recourse. The Ninth Circuit allows an immediate interlocutory appeal by the attorney of a decision imposing sanctions on the

**Memorandum Decision & Order - 2**

attorney. *Riverhead Savings Bank v. National Mortg.,* 893 F.2d 1109, 1113 (9Th Cir. 1990).

For all of these reasons, the Court will deny the motion to vacate the decision imposing sanctions filed November 1. 2019. Because this may affect the stipulation of settlement that accompanied the motion, the Court will give counsel 20 days to determine how to proceed.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to vacate order (docket no. 59) is DENIED.

IT IS FURTHER ORDERED, that counsel shall contact the Court's Staff Attorney Dave Metcalf within 20 days to alert the Court how they intend to proceed.

DATED: January 13, 2020

_____
B. Lynn Winmill
U.S. District Court Judge