UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LINDA ESSMAKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., JOHN DOE ENTITIES I–V,<br><br>Defendants. | Case No. 1:18-cv-496-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a stipulation and joint motion to reconsider a prior Order of this Court. For the reasons expressed below, the Court will approve both stipulations, grant the motion to reconsider, vacate the sanctions decisions, and dismiss this case.

## ANALYSIS

Plaintiff Essmaker filed this case against Smith's Food & Drug Center alleging that she was harassed and then wrongfully terminated. Following a series of depositions, Essmaker brought a motion to compel and for sanctions alleging that defense counsel's conduct in the depositions was improper. The Court agreed. *See Memorandum Decision (Dkt. No. 52).* During those depositions, defense counsel objected to questions frequently without basis and then instructed a witness not to answer when he knew (or should have known) that such an instruction was improper. The Court awarded $1,750 in sanctions against defense counsel; the sanctions were not awarded against the party defendant.

Memorandum Decision & Order - 1

The parties then settled the case. To finalize the settlement, they filed a stipulation of settlement and motion to vacate the sanctions decision. The Court refused to vacate the sanctions decision, finding in part that there could be an incentive for the sanctioned attorney to settle the case just to avoid the sanctions.

Both sides have now asked the Court to reconsider that decision. In their joint motion and stipulation, they state that vacating the sanctions decision was not a condition of the settlement and that they "reached their settlement agreement independent of, and completely unrelated to, their later agreement to seek an order vacating the [sanctions decision]." *See Joint Stipulation & Motion (Dkt. No. 62]* at ¶¶ 2-3. They also state that since the Court's sanctions decision, they have "amicably cooperated and worked well together such that plaintiff has no intention of seeking enforcement" of the sanctions decision. *Id. at* ¶ 4. The settlement payments have been made and both sides request that the sanctions decision be vacated.

This joint motion sets forth good grounds to vacate the sanctions decision and to reconsider the decision refusing to lift those sanctions. The Court will therefore grant the motion and vacate those decisions. The Court will also approve the stipulation to dismiss this case and enter a separate Judgment to that effect.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Stipulation and Joint Motion to Reconsider Order (docket no. 62) is GRANTED, and that the Memorandum Decision and Order (docket no. 52) imposing sanctions on defense counsel, and the

**Memorandum Decision & Order - 2**

Memorandum Decision and Order (docket no. 61) refusing to lift those sanctions, are VACATED.

IT IS FURTHER ORDERED, that the stipulation for dismissal (docket no. 63) is APPROVED, and that a separate Judgment will be entered.

IT IS FURTHER ORDERED, that the two pending motions for summary judgment (docket nos. 45 & 51) are DENIED because the case has been settled.

IT IS FURTHER ORDERED, that the Clerk shall close this case.

DATED: March 3, 2020

B. Lynn Winmill
U.S. District Court Judge